IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD J. CAMPBELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:21-cv-181 |
| v. | ) | No. 3:21-cv-200 |
| | ) | |
| | ) | JUDGE KIM R. GIBSON |
| COURT OF COMMON PLEAS OF | ) | |
| BLAIR COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

I. **Introduction**

Plaintiff Richard J. Campbell ("Plaintiff") filed complaints in two actions that arise

from the same facts and assert similar allegations: *Campbell v. Court of Common Pleas of*

*Blair County et al.*, 3:21-cv-181, and *Campbell v. Court of Common Pleas of Blair County et al.*,

3:21-cv-200. Plaintiff alleges that certain events relating to the prison sentence he received

on January 17, 2006, in the Court of Common Pleas of Blair County, Pennsylvania,

violated his rights under both federal and state law.[1] Plaintiff named as defendants the

Court of Common Pleas of Blair County, the Blair County District Attorney's Office, the

Blair County Public Defender's Office, and the Blair County Prison (collectively,

"Defendants"). Defendants have moved for dismissal of all claims against them. (3:21-cv-

---

[1] The eight claims that Plaintiff asserted are detailed in Sections II and III, *infra*.

181, ECF Nos. 4, 9, 11; 3:21-cv-200, ECF Nos. 3, 6, 8).[2]  For the following reasons, the Court **GRANTS** Defendants' motions and **DISMISSES** Plaintiff's complaints **WITH PREJUDICE** as to all claims except for the malicious prosecution claim and the claims against the Blair County Prison.  The Court dismisses the malicious prosecution claim and the claims against the Blair County Prison **WITHOUT PREJUDICE**, and it grants Plaintiff twenty-eight days from the entry of this order to submit amended complaints.[3]

## II.  Background

Plaintiff raises claims in both actions about events surrounding his receipt of a prison sentence in the Court of Common Pleas of Blair County.  On March 22, 2005, Plaintiff was arrested and charged with multiple criminal offenses.  (3:21-cv-181, ECF No. 1 at 1).  On September 23, 2005, a jury found Plaintiff guilty on all charges.  (*Id.*).  On December 1, 2005, Defendants allegedly "conducted a hearing, outside of and without the presence of the presiding/residing jury to discuss the elemental factors to which they relied upon to justify implications of sentence enhancements."  (*Id.* at 1–2).[4]    The

---

[2] Because this matter involves filings on two separate dockets, the Court will cite to filings in the format "[Case Number], [Docket Number]."  Where a sentence cites to a filing with both the same case and docket number as the preceding sentence, the Court will use a standard "*Id.*"  Where a sentence cites to the same case number but a different docket number, the Court will use the citation format "*Id.,* [Docket Number]."

[3] The Court grants Plaintiff leave to amend both complaints because, as explained *infra*, the two claims (or types of claims, in the case of claims against the Blair County Prison) to be dismissed without prejudice are presented in different complaints.

[4] Plaintiff does not specify which defendants were present at this hearing.  Because pro se complaints must be "liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court interprets Plaintiff's complaints as alleging the following factual scenario: the hearing involved the Blair County District Attorney's Office (representing the State of Pennsylvania through an Assistant District Attorney) and the Blair County Public Defender's Office (representing Plaintiff through a Public Defender), jointly litigating before the Court of Common Pleas of Blair County.  Plaintiff offers no facts indicating that that a representative of the Blair County Prison attended this

discussion that took place during this hearing—which served, Plaintiff alleges, as the basis for his prison sentence imposed on January 17, 2006 (*id.* at 2)—is the event underlying Plaintiff's claims.

On October 12, 2021, Plaintiff filed a complaint against Defendants in the United States District Court for the Western District of Pennsylvania. (3:21-cv-181, ECF No. 1). Plaintiff argues therein that, because he received a prison sentence "based on the elemental factors discussed outside the presence of a jury," this sentence violated his rights under the Sixth and Fourteenth Amendments of the United States Constitution. (*Id.* at 2–3). He further asserts that Defendants are liable for "malicious prosecution, ineffective assistance of counsel, intentional infliction of illegal sentences and false imprisonment." (*Id.* at 3).[5]

On October 22, 2021, Plaintiff filed a separate complaint against Defendants in the Court of Common Pleas of Blair County. (3:21-cv-200, ECF No. 1-2). In this complaint, Plaintiff alleges that Defendants "held a sentencing hearing without notifying me prior to or after said hearing occurred." (*Id.*). Plaintiff argues that this conduct violated the Due Process Clause of the Fourteenth Amendment by "stripp[ing] me of my rights, the ability to defend my best interest and the opportunity to appeal the inactions, actions of neglect, ineffectiveness, and blatant violation of 42 Pa. Cons. Stat. § 9760 by the sentencing judge."

---

hearing, and the Court will not interpret Plaintiff as alleging that such a representative was present.
[5] The Court notes that Plaintiff named the Blair County Prison as a defendant exclusively in his complaint in 3:21-cv-200. Plaintiff's complaint in 3:21-cv-181 names as defendants only the Court of Common Pleas of Blair County, the Blair County District Attorney's Office, and the Blair County Public Defender's Office.

(*Id.*).   Plaintiff also invokes 42 Pa. Cons. Stat. § 9760 to make the statutory claim that Defendants violated this state law by denying him "credit for 149 days that [he] spent in the Blair County Prison prior to trial."   (*Id.*).   On November 11, 2021, the Blair County District Attorney's Office filed a notice of removal to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441.  (3:21-cv-200, ECF No. 1-3).[6]

In the action at 3:21-cv-181, Defendants filed separate motions to dismiss Plaintiff's complaint for failure to state a claim, (3:21-cv-181, ECF Nos. 4, 9, 11), along with supporting briefs. (*Id.*, ECF Nos. 5, 10, 12).[7]   In the action at 3:21-cv-200, Defendants similarly filed separate motions to dismiss, (3:21-cv-200, ECF Nos. 3, 6, 8), and supporting briefs. (*Id.*, ECF Nos. 4, 7, 9).[8]  Plaintiff has not filed a brief opposing Defendants' motions to dismiss in either action.

### III. Analysis

Between his two complaints, Plaintiff appears to assert eight distinct claims: first, Plaintiff claims that Defendants violated his Sixth Amendment right to a trial "by an impartial jury." (3:21-cv-181, ECF No. 1 at 2).  Second, Plaintiff claims that Defendants

---

[6] The parties do not dispute that the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has raised numerous questions arising under federal law.  *See* 28 U.S.C. § 1331. Nor do they dispute that the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  *See* 28 U.S.C. § 1367.

[7] The Blair County Public Defender's Office filed its motion to dismiss and supporting brief on November 9, 2021.  (3:21-cv-181, ECF Nos. 4, 5).  The Court of Common Pleas of Blair County filed its motion to dismiss and supporting brief on December 8, 2021.  (*Id.*, ECF Nos. 9, 10).  The Blair County District Attorney's Office filed its motion to dismiss and supporting brief on December 14, 2021.  (*Id.*, ECF Nos. 11, 12).

[8] The Blair County District Attorney's Office filed its motion to dismiss and supporting brief on November 22, 2021.  (3:21-cv-200, ECF Nos. 3, 4).  The Blair County Public Defender's Office and Blair County Prison jointly filed their motion to dismiss and supporting brief on November 22, 2021.  (*Id.*, ECF Nos. 6, 7).  The Court of Common Pleas of Blair County filed its motion to dismiss and supporting brief on December 11, 2021.  (*Id.*, ECF Nos. 8, 9).

violated his right under the Fourteenth Amendment's Due Process Clause to have "each element of a crime be proved to the jury beyond a reasonable doubt." (*Id*.).[9]   Third, Plaintiff claims that Defendants (including the Blair County Prison) also violated his rights under the Fourteenth Amendment by holding "a sentencing hearing without notifying me prior to or after said hearing occurred." (3:21-cv-200, ECF No. 1-2).   Fourth, Plaintiff claims that Defendants violated his rights under 42 Pa. Cons. Stat. § 9760 by failing to credit him with time served in pretrial detention.  (*Id*.).

Plaintiff also claims that Defendants injured him through "malicious prosecution, ineffective assistance of counsel, intentional infliction of illegal sentences and false imprisonment." (3:21-cv-181, ECF No 1 at 2).  These are Plaintiff's fifth, sixth, seventh, and eighth claims.

Although Plaintiff does not expressly state which claims he is asserting against which defendants, the Court need not resolve the resulting ambiguity because each claim Plaintiff raises is deficient with respect to every defendant.[10]   The Court grants Defendants' motions to dismiss (3:21-cv-181, ECF Nos. 4, 9, 11; 3:21-cv-200, ECF Nos. 3, 6, 8) on the following grounds:

## A.  Plaintiff's Claims Under 42 Pa. Cons. Stat. § 9760

---

[9] Plaintiff alleges that he "was never charged with, convicted for, or proved to be in possession of a firearm beyond a reasonable doubt by the jury for a firearm violation to justify 42 Pa. C.S. § 9712.1, and the elements used to justify 18 Pa.C.S. § 6317 [were] never presented to or proved beyond a reasonable doubt by the jury." (3:21-cv-181, ECF No. 1 at 2).

[10] Plaintiff's allegation that Defendants violated his rights under the Sixth and Fourteenth Amendments "[i]n conjunction" suggests that Plaintiff is asserting his constitutional claims against all defendants named in 3:21-cv-181.  (3:21-cv-181, ECF No. 1 at 2).  In contrast, Plaintiff raises allegations in 3:21-cv-200 of "blatant violation of 42 Pa. Cons. Stat. § 9760 by the sentencing judge[,]" which suggests that his claim under 42 Pa. Cons. Stat. § 9760 is limited to the Court of Common Pleas of Blair County.  (3:21-cv-200, ECF No. 1-2).

The Court grants Defendants' motions to dismiss with respect to Plaintiff's claims under 42 Pa. Cons. Stat. § 9760.  Plaintiff claims that Defendants violated his rights under this Pennsylvania statute by failing to credit him with time served in pretrial detention. (*See* 3:21-cv-200, ECF No. 1-2).   However, the exclusive vehicle for challenging a Pennsylvania state court's decision to credit time served is a Post-Conviction Relief Act ("PCRA") petition.  *Comrie v. PA Dep't of Corr.*, 142 A.3d 995, 1001–02 (Pa. Cmwlth. 2016) (citing *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011)) ("A challenge to the trial court's failure to award a pre-sentence credit involves the legality of sentence and is cognizable under the PCRA, *which is the exclusive vehicle for relief*.") (emphasis added).  The Court could not hear Plaintiff's claims under 42 Pa. Cons. Stat. § 9760 even if Plaintiff had filed a PCRA petition because these claims would still be "essentially appeals from state-court judgments," which the Court lacks jurisdiction to review.  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010).  Because amendment would be futile, the Court must dismiss all claims asserted under this statute with prejudice.

### B.  Plaintiff's "Intentional Infliction of Illegal Sentences" Claim

A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court must therefore interpret Plaintiff's pleadings "to raise the strongest arguments suggested therein."  *Hodson v. Alpine Manor, Inc.*, 512 F. Supp. 2d 373, 385 (W.D. Pa. 2007).  In accordance with these requirements, the Court interprets Plaintiff's

"intentional infliction of illegal sentences" claim, (*see* 3:21-cv-181, ECF No. 1 at 2), as a claim asserting the Sixth Amendment right identified in *Alleyne v. United States*, 570 U.S. 99 (2013).  It also holds that this claim must be dismissed with prejudice because an *Alleyne* claim offers Plaintiff no possible avenue for relief.

The Court is not aware of any causes of action under either federal or Pennsylvania state law for "intentional infliction of illegal sentences."  However, there are numerous causes of action that one might raise in opposition to an "illegal sentence."  Generally speaking, an "illegal sentence" is one that "is not authorized or directed by law."  *U.S. v. Figueroa*, No. 08-cr-745, 2011 WL 2790465, at *7 n.55 (E.D. Pa. July 15, 2011) (citing 21 Am. Jur. 2d *Criminal Law* § 764 (2009)).  More specifically, illegal sentences include those "in excess of the statutory maximum or otherwise unauthorized by statute, sentences that did not conform to the oral pronouncement of sentence, or sentences that were ambiguous with respect to the time and manner of service."  *U.S. v. Higgs*, 504 F.3d 456, 459 n.1 (3d Cir. 2007) (quoting 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, *Federal Practice and Procedure (Criminal)* § 582, at 628–32 (3d ed. 2004)).  This list is not necessarily exhaustive.  *See, e.g.*, *Figueroa*, 2011 WL 2790465, at *7 n.55 ("An illegal sentence is one that does not conform to or exceeds statutory limits, is not based on statutory authority, imposes multiple terms of imprisonment for the same offense, fails to conform to the oral pronouncement of sentence, is ambiguous, or otherwise violates the constitution or the law.").   The Court understands Plaintiff as raising a claim based on an "illegal sentence" of this sort.

Among the recognized forms of sentence illegality, the only one that could plausibly underlie a claim based on Plaintiff's factual allegations is an exceedance of statutory limits. The Supreme Court held in *Apprendi v. New Jersey* that, under the Sixth Amendment, any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed"—i.e., facts that increase a statutory maximum penalty—are elements of the crime which must be found beyond a reasonable doubt by a jury. 530 U.S. 466, 484, 490 (2000). Because an *Apprendi* error occurs when a sentence exceeds a statutory maximum, it clearly constitutes an "illegal sentence" as the Third Circuit understands this term.

Sentences that violate the Sixth Amendment right recognized in *Alleyne v. United States* similarly constitute "illegal sentences" because "*Apprendi*'s principle applies with equal force to facts increasing the mandatory minimum, for a fact triggering a mandatory minimum alters the prescribed range of sentences to which a criminal defendant is exposed." *Alleyne*, 570 U.S. at 99. Because "there is no basis in principle or logic to distinguish facts that raise the maximum from those that increase the minimum," *U.S. v. Lewis*, 802 F.3d 449, 454 (3d Cir. 2015) (citing *Alleyne*, 570 U.S. at 100), a sentence exceeding the statutory minimum is no more legal than one exceeding the statutory maximum. Accordingly, the Court finds that sentences violating the Sixth Amendment right recognized in *Alleyne* constitute "illegal sentences."

Based on this finding, the Court further finds that Plaintiff's "intentional infliction of illegal sentences" claim is, in fact, a Sixth Amendment *Alleyne* claim. Plaintiff alleges

that, during a pre-sentencing hearing on December 1, 2005, Defendants "conducted a hearing, outside of and without the presence of the presiding/residing jury to discuss the elemental factors to which they relied upon to justify implications of sentence enhancements" under 18 Pa. C.S. § 6317 and 42 Pa. C.S. § 9712.1.  (ECF No. 1 at 1–2).  The Court notes that both 18 Pa. C.S. § 6317 and 42 Pa. C.S. 9712 increase the minimum sentences that can be imposed for certain offenses.  *See Com. v. Hopkins*, 632 Pa. 36, 61 (Pa. 2015) (holding that "Section 6317 is a mandatory minimum sentencing statute"); *Com. v. Newman*, 99 A.3d 86, 92 (Sup. Ct. Pa. 2014) (holding that 42 Pa. C.S. § 9712 "requires a minimum sentence of five years, which may be more or less than the minimum sentence that might otherwise have been imposed").

Plaintiff also alleges that, on January 17, 2006, Defendants, "based on the elemental factors discussed outside the presence of a jury, imposed a sentence on Plaintiff of 7-14 years incarceration, and 15 years probation."  (*Id.* at 2).  He further alleges that this sentence was unlawful because he "was never charged with, convicted for, or proved to be in possession of a firearm beyond a reasonable doubt by the jury for a firearm violation to justify 42 Pa. C.S. § 9712.1, and the elements used to justify 18 Pa. C.S. § 6317 [were] never presented to or proved beyond a reasonable doubt by the jury."  (*Id.*).   Through these various allegations, Plaintiff asserts that he was sentenced in accordance with a mandatory minimum greater than that provided for in the statutes under which he was convicted, and that his sentence was consequently based on a fact not found by a jury beyond a reasonable doubt.  Such allegations appear to spell out a Sixth Amendment

*Alleyne* claim.  Finding sufficient basis to conclude that Plaintiff's "intentional infliction of illegal sentences" claim is best understood as an *Alleyne* claim, the Court construes it as such.

Having clarified the nature of Plaintiff's "intentional infliction of illegal sentences" claim, the Court holds that this claim must be dismissed with prejudice because it offers Plaintiff no possible avenue for relief.  In his complaints, Plaintiff only seeks relief in the form of damages.  (*See* 3:21-cv-181, ECF No. 1 at 3; 3:21-cv-200, ECF No. 1-2).  Plaintiff's *Alleyne* claim must therefore arise under 42 U.S.C. § 1983, which provides the federal cause of action for constitutional torts where damages are sought.  *See Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983) (Section 1983 "provides that '(e)very person' who acts under color of state law to deprive another of a constitutional right shall be answerable to that person in a suit *for damages*.") (emphasis added).  However, Plaintiff cannot use Section 1983 to bring a claim for which "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Skinner v. Switzer*, 562 U.S. 521, 533 (2011) (citing *Heck v. Humphrey*, 512 U.S. 447, 487 (1994)).  *Alleyne* errors, if proven, require invalidation of the illegal sentence if the error actually contributed to the defendant's sentence.  *See U.S. v. Lewis*, 802 F.3d 449, 458 (3d Cir. 2015) (ordering that sentence be vacated where *Alleyne* error contributed to defendant's sentence).  Because Plaintiff's *Alleyne* claim would imply the invalidity of his sentence, this claim cannot offer a basis for the damages remedy that Plaintiff seeks.

Lastly, it would be futile to allow Plaintiff to amend his complaint with respect to an *Alleyne* error because Plaintiff's release from state custody foreclosed habeas corpus relief. "*Alleyne* claims must be brought pursuant to [28 U.S.C.] § 2255"—that is, they must be brought through a habeas corpus petition. *Jackman v. Shartle*, 535 F. Appx 87, 89 (3d Cir. 2013). If Plaintiff were to have stated an *Alleyne* claim for which relief could be granted, he would have needed to bring it through a habeas petition. However, "[a] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *DeFoy v. McCullough*, 393 F.3d 439, 441 (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Based on Plaintiff's self-characterization as "an adult residence [sic] of 824 Broad Street, in the city of Johnstown, the state of Pennsylvania 15901, in the county of Cambria," (*see* 3:21-cv-181, ECF No. 1 at 1), the Court finds that Plaintiff is no longer serving the allegedly illegal sentence underlying his complaints. Based on this finding, the Court further finds that any habeas petition based on *Alleyne* would have become moot when Plaintiff's term of imprisonment ended. Plaintiff's "intentional infliction of illegal sentences" claim must be dismissed with prejudice as to all defendants.

### C. Plaintiff's Ineffective Assistance of Counsel Claim

The Court grants Defendants' motions to dismiss with respect to Plaintiff's ineffective assistance of counsel claim, (3:21-cv-181, ECF No. 1 at 2), because this claim similarly offers no possible avenue for relief.

Although Plaintiff does not state a legal basis for this claim, the Court's "obligation to liberally construe a pro se litigant's pleading," *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), leads this Court to interpret Plaintiff's claim as one arising under the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 685–86 (1984) ("The Sixth Amendment recognizes the right to the assistance of counsel" and "the right to counsel is the right to the effective assistance of counsel.") (internal quotations omitted). Plaintiff's request for damages also leads the Court to understand Plaintiff as bringing this Sixth Amendment claim under 42 U.S.C. § 1983.

As with Plaintiff's "intentional infliction of illegal sentences" claim, Plaintiff's ineffective assistance of counsel claim must be dismissed because this claim "would necessarily imply the invalidity of [Plaintiff's] state court sentence." *Nottingham v. Reitz*, No. 4:18-cv-01520, 2018 WL 5780856, at *4 (M.D. Pa. Oct. 15, 2018). Indeed, it is a general fact that "ineffective assistance of appointed counsel in representing a defendant is not actionable under § 1983." *Introcaso v. Meehan*, 338 F. App'x 139, 142 (3d Cir. 2009). This claim must therefore be dismissed and, because any habeas corpus petition would fail for mootness (as explained in Section III.B, *supra*), it must be dismissed with prejudice.

### D.  Plaintiff's Malicious Prosecution Claim

The Court grants Defendants' motion to dismiss with respect to Plaintiff's malicious prosecution claim, (*see* 3:21-cv-181, ECF No. 1 at 2), because Plaintiff failed to plead facts sufficient to support this cause of action.

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint, in whole or in part, if it fails to set forth a claim upon which relief can be granted.   In considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant.  *Jordan v. Fox, Rothschild, O'Brien and Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994).   However, the Court must dismiss a complaint that fails to set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff does not specify under which jurisdiction's law he asserts his malicious prosecution claim.  However, the Court need not determine whether Plaintiff is asserting a malicious prosecution claim under federal law (i.e., under 42 U.S.C. § 1983) or under Pennsylvania state law because both require Plaintiff to plead a fact absent from both complaints: that the underlying criminal proceeding was terminated in Plaintiff's favor. *See Daniels v. City of Philadelphia*, 296 F. Supp. 3d 722, 724 (E.D. Pa. 2017) (quoting *Heck v. Humphrey*, 512 U.S. 477, 478 (1994)) (noting that a malicious prosecution brought under 42 U.S.C. § 1983 "cannot proceed 'unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated'"); *Cap v. K-Mart Discount Stores, Inc.*, 515 A.2d 52, 53 (Pa. Super. 1986) (holding that a cause of action for malicious prosecution "is not complete until there is a successful vindication in favor of the accused").

Plaintiff appears to claim that Defendants maliciously prosecuted him by conducting a presentencing hearing on December 1, 2005, outside the presence of a jury.

(3:21-cv-181, ECF No. 1 at 1–2). However, Plaintiff alleges no facts indicating that the guilty verdict rendered on September 23, 2005, was at any point invalidated. (*See* 3:21-cv-181, ECF No. 1; 3:21-cv-200, ECF No. 1-2). Because Plaintiff has failed to assert a fact essential to support a claim for malicious prosecution under either federal or Pennsylvania state law, the Court must dismiss his malicious prosecution claim.

The Court also finds that Plaintiff's malicious prosecution claim should be dismissed without prejudice. Pro se plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235–36 (3d Cir. 2004). Here, there is no evidence in the record indicating whether Plaintiff's underlying conviction in the Court of Common Pleas of Blair County was ever invalidated. Although the Court suspects that granting Plaintiff leave to amend for the narrow purpose of alleging that the conviction was invalidated will ultimately prove futile, allowing Plaintiff such leave should not produce any undue delay because of this information's accessibility to Plaintiff.[11] The Court will therefore grant Plaintiff leave to amend his complaint with respect to this element of his malicious prosecution claim.

---

[11] The Court makes no factual finding about whether Plaintiff's conviction remains valid. Nevertheless, the Court notes that publicly accessible Pennsylvania docket records suggest that Plaintiff's conviction was never invalidated. Plaintiff does not include in either complaint the docket number for his original criminal proceeding in the Court of Common Pleas of Blair County. However, a search of Plaintiff's name on the Unified Judicial System of Pennsylvania Web Portal reveals only criminal cases associated with this name in the Court of Common Pleas of Blair County. Among these cases, only the Court Summary sheet for docket number CP-07-CR-0000605-2005 contains facts consistent with those Plaintiff provides regarding his underlying criminal case.

**E.  Plaintiff's False Imprisonment Claim**

The Court grants Defendants' motion to dismiss with respect to Plaintiff's false imprisonment claim, (*see* 3:21-cv-181, ECF No. 1 at 2), because this claim is barred by the applicable statute of limitations.

Plaintiff does not specify whether his false imprisonment claim is brought under federal or state law.  However, the law under which Plaintiff brings this claim is without consequence because false imprisonment claims under both federal and Pennsylvania state law have the same two-year statute of limitations.  "Under Pennsylvania law, the statute of limitations applicable to all actions for personal injury (including false imprisonment) is two years[.]"  *See Getz v. Bruch*, 400 F. Supp. 1033, 1035 (E.D. Pa. 1975) (citing 12 P.S. § 34)).  Claims brought under 42 U.S.C. § 1983 are "governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises."  *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009).  Because Plaintiff's claim arose in Pennsylvania, his false imprisonment claim would have a two-year statute of limitations under federal law as well.

The applicable limitations period would also have expired at roughly the same time under either federal or Pennsylvania state law.  On one hand, the statute of limitations for false imprisonment claims brought under federal law begin to accrue when the plaintiff becomes detained pursuant to legal process, which occurs at arraignment.  "[W]here . . .

The Court also found an Allocatur Docket Sheet from the Supreme Court of Pennsylvania reflecting that the case at this docket number was affirmed by the Superior Court of Pennsylvania on April 15, 2009 (docket number 713 WDA 2008).  Finally, the Court found record that, on October 1, 2009, the Supreme Court of Pennsylvania entered an order denying a petition for allowance of appeal for this same case (docket number 219 WAL 2009).

the underlying arrest is followed by criminal proceedings, the statute of limitations upon a § 1983 claim seeking damages for . . . false imprisonment 'begins to run at the time the claimant becomes detained pursuant to legal process.'" *Collins v. City of Philadelphia*, No. 16-cv-5671, 2018 WL 1980079, at *4 (E.D. Pa. Apr. 27, 2018) (quoting *Wallace v. Kato*, 549 U.S. 384, 397 (2007)).   In the Third Circuit, a defendant becomes "detained pursuant to legal process" on the date of his arraignment.   *See, e.g.*, *Woodyard v. Cty. Of Essex*, 514 F. Appx. 177, 184 (3d Cir. 2013) (holding that a false imprisonment claim began to accrue on date of arraignment).   On the other hand, the statue of limitations for false imprisonment actions brought under Pennsylvania state law begin to run on the date of arrest.   *See Moore v. McComsey*, 459 A.2d 841, 843 (Pa. Super. 1983) (holding that a plaintiff's false imprisonment action began accruing on the date of his arrest).

Plaintiff's false imprisonment claim is time-barred because Plaintiff filed his complaint long after the two-year limitations period accrued under either federal or Pennsylvania state law.   If the claim arises under state law, its statute of limitations would have begun to accrue on the date of Plaintiff's arrest: March 22, 2005.   Although the record does not make clear which date Plaintiff was arraigned following his arrest, Plaintiff would have been arraigned before a jury found him guilty at trial on September 23, 2005. (3:21-cv-181, ECF No. 1 at 1).   Therefore, the statute of limitations for a federal false imprisonment claim would have begun to accrue no later than this date.   The Court also notes that there are no facts in the record indicating that the statute of limitations tolled at any point.   Therefore, the Court finds that the statute of limitations for Plaintiff's false

imprisonment claim would have run continuously; that the limitations period would have begun accruing no later than September 23, 2005; and that the limitations period would have closed no later than September 23, 2007 (two years after Plaintiff's conviction).

Therefore, when Plaintiff first filed his false imprisonment claim on October 12, 2021, (3:21-cv-181, ECF No. 1 at 2), the claim had long been barred by the statute of limitations.  Amendment with respect to this claim could not correct its untimeliness and would be futile.  The claim must therefore be dismissed with prejudice against all defendants.

F.  **Plaintiff's Claims Against Blair County Public Defender's Office**

The Court grants Defendant Blair County Public Defender's Office's motions to dismiss with respect to all remaining claims against it.[12]  Plaintiff cannot maintain his constitutional claims against the Blair County Public Defender's Office because public defenders are "not . . . state actor[s] for purposes of § 1983."  *In re Keyes*, 344 F. Supp. 3d 803, 812 (E.D. Pa. 2018) (citing *Polk City v. Dodson*, 454 U.S. 312, 325 (1981)).  As the only remaining claims against Blair County Public Defender's Office apply exclusively against state actors, Plaintiff has asserted no viable claims against this defendant.  Amendment would be futile and dismissal with prejudice is proper.

G.  **Plaintiff's Claims Against Court of Common Pleas of Blair County**

The Court grants Defendant Court of Common Pleas of Blair County's motions to dismiss with respect to all remaining claims against it because that court enjoys sovereign

---

[12] Defendant Blair County Public Defender's Office filed a motion to dismiss in 3:21-cv-181 at ECF No. 4.  It also filed a motion to dismiss in 3:21-cv-200 at ECF No. 6.

immunity from suits under the Eleventh Amendment of the United States Constitution.[13]
A Pennsylvania court of common pleas is an arm of the Commonwealth of Pennsylvania.
*See Reiff v. Philadelphia County Court of Common Pleas*, 827 F. Supp. 319, 323 (E.D. Pa. 1993).
The Court of Common Pleas for Blair County, as an arm of the state of Pennsylvania, is
"thus entitled to Eleventh Amendment immunity." *Id.* This immunity extends to bar
claims under both federal and state law. *See id.* at 324. Thus, all of Plaintiff's claims
against this defendant must be dismissed with prejudice. *See id.*

### H. Plaintiff's Claims Against Blair County Prison

The Court grants Defendant Blair County Prison's motion to dismiss, (3:21-cv-200,
ECF No. 6), with respect to all remaining claims against the Blair County Prison because
Plaintiff has not alleged facts sufficient to support any claim against this defendant.

Plaintiff does not allege any facts indicating that Blair County Prison was
responsible for any of the events upon which Plaintiff bases his claims. Although Plaintiff
names Blair County Prison as a defendant in the complaint he filed in 3:21-cv-200 (ECF
No. 1-2), Plaintiff's only mention of this defendant in that complaint is his statement that
he "was not given credit for 149 days that [he] spent in the Blair County Prison prior to
trial and pending sentencing[.]" (*Id.*). To the extent Plaintiff intends to assert a claim
against the Blair County Prison under 42 Pa. Cons. Stat. § 9760, this claim would be barred
for the same reasons articulated in Section III.A, *supra*. And, to the extent Plaintiff intends
to assert a constitutional claim against the Blair County Prison under Section 1983,

---

[13] Defendant Court of Common Pleas of Blair County filed a motion to dismiss in 3:21-cv-181 at
ECF No. 9. It also filed a motion to dismiss in 3:21-cv-200 at ECF No. 8.

Plaintiff has not provided enough information to allow the Court to identify which constitutional claim he might be raising, let alone provided enough facts to support such a claim. Plaintiff's claims against Blair County Prison must therefore be dismissed.

As previously noted, pro se plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, *see Fletcher–Harlee Corp.*, 482 F.3d at 253, unless granting further leave to amend would be futile or result in undue delay. *See Alston*, 363 F.3d at 235–36. Plaintiff has provided insufficient facts to allow the Court to determine whether granting leave to amend his claims against the Blair County Prison would be futile or result in undue delay, and the Court cannot conclude that leave to amend would be prejudicial or inequitable for the Blair County Prison. The Court therefore dismisses Plaintiff's Section 1983 claims against the Blair County Prison without prejudice.

## I.   Plaintiff's Claims Against Blair County District Attorney's Office

Lastly, the Court grants Defendant Blair County District Attorney's Office's motions to dismiss with respect to all remaining claims because these claims are time-barred.[14]   As Plaintiff's remaining claims seek damages for constitutional torts, these claims must be brought under Section 1983. The limitations period for Plaintiff's Section 1983 claims is two years because these claims arose in Pennsylvania and Pennsylvania's limitations period for personal injury claims is two years. *See Fedder v. Pennsylvania*, No. 4:19-cv-01548, 2020 WL 5522983, at *9 (M.D. Pa. Aug. 17, 2020).   This limitations period

---

[14] Defendant Blair County District Attorney's Office filed a motion to dismiss in 3:21-cv-181 at ECF No. 11.  It also filed a motion to dismiss in 3:21-cv-200 at ECF No. 3.

begins to accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Kach*, 589 F.3d at 634. This generally occurs "at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.*

The events underlying Plaintiff's lawsuits are a hearing on December 1, 2005, and a sentencing on January 17, 2006. (3:21-cv-181, ECF No. 1 at 2–3). Plaintiff did not raise his claims until October 12, 2021—a date well beyond the two years following either event. (*Id.* at 1). Because all of Plaintiff's claims against the Blair County District Attorney's Office arise from these events, the statute of limitations bars Plaintiff's remaining Section 1983 claims against this defendant. As with Plaintiff's other time-barred claims, amendment would be futile and dismissal with prejudice is proper.

## IV. Conclusion

After carefully considering the circumstances in this case, the Court finds that dismissal is warranted for all of Plaintiff's claims against each named defendant and grants Defendants' motions to dismiss (3:21-cv-181, ECF Nos. 4, 9, 11; 3:21-cv-200, ECF Nos. 3, 6, 8). Because amendment would not be futile for (a) the malicious prosecution claim as against those defendants whom the Court did not find immune to suit herein, (*see* 3:21-cv-181, ECF No. 1 at 2), and (b) his claims against the Blair County Prison that the Court did not otherwise determine to be barred herein, (*see* 3:21-cv-200, ECF No. 1-2), the Court will dismiss these claims without prejudice. It will dismiss all other claims that Plaintiff asserts in 3:21-cv-181 and 3:21-cv-200 with prejudice.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD J. CAMPBELL            )
                               )
          Plaintiff,           )
                               )         No. 3:21-cv-181
          v.                   )         No. 3:21-cv-200
                               )
                               )         JUDGE KIM R. GIBSON
COURT  OF  COMMON  PLEAS  OF   )
BLAIR COUNTY, et al.,          )
                               )
          Defendants.          )

## ORDER

NOW, this __4th__ day of November, 2022, for the reasons set forth in the

accompanying Memorandum Opinion, it is **HEREBY ORDERED** that Defendants'

Motions to Dismiss in 3:21-cv-181 at ECF Nos. 4, 9, and 11 are **GRANTED**.

It is **FURTHER ORDERED** that Defendants' Motions to Dismiss in 3:21-cv-200 at

ECF Nos. 3, 6, and 8 are **GRANTED**.

It is **FURTHER ORDERED** that Plaintiff's complaints in 3:21-cv-181 (ECF No. 1)

and 3:21-cv-200 (ECF No. 1-2) are **DISMISSED WITH PREJUDICE** as to all claims

asserted therein except for (a) the malicious prosecution claim as against those defendants

whom the Court did not find immune to suit herein, (*see* 3:21-cv-181, ECF No. 1 at 2), and

(b) those claims against the Blair County Prison that the Court did not otherwise

determine to be barred herein, (*see* 3:21-cv-200, ECF No. 1-2).

It is **FURTHER ORDERED** that Plaintiff's complaint in 3:21-cv-181 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as to the malicious prosecution claim against those defendants whom the Court did not find immune to suit herein.

It is **FURTHER ORDERED** that Plaintiff's complaint in 3:21-cv-200 (ECF No. 1-2) is **DISMISSED WITHOUT PREJUDICE** as to those claims against the Blair County Prison that the Court did not otherwise determine to be barred herein.

It is **FURTHER ORDERED** that Plaintiff has twenty-eight days from the entry of this order to submit amended complaints in 3:21-cv-181 and 3:21-cv-200. Amendments shall address only those claims dismissed without prejudice.

**BY THE COURT**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**